IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DONNA LYNCH,<br><br>         Plaintiff,<br><br>   vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,<br><br>         Defendants. | CIVIL NO. 16-00213 DKW-KSC<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REQUESTS FOR MEDICAL INFORMATION** |

On March 31, 2018, Plaintiff Donna Lynch, proceeding pro se, filed Objections (Dkt. No. 110) to Defendants Federal National Mortgage Association, Countrywide Home Loans, Inc., and Bank of America, N.A.'s request that she execute medical releases, as directed by the Court's March 2, 2018 Order Regarding Limited Discovery (Dkt. No. 101).[1]  On April 4, 2018, Defendants filed their response, requesting that the Court provide no further extensions of time and immediately rule on Defendants' Motion to Dismiss for Failure to State a Claim, or,

---

[1]In response to Lynch's Third Motion For Enlargement of Time for Opposing Motion to Dismiss for Failure to State A Claim ("Motion for Extension"), the Court held a status conference on February 8, 2018.  Dkt. No. 94 (2/8/18 Court Minutes).  The parties thereafter submitted letter briefs addressing limited discovery concerning the bases for Plaintiff's numerous extension requests, including her alleged physical and cognitive impairments.  Dkt. Nos. 96 (Defs.' 2/15/18 Letter Br.) and 97 (Pl.'s 2/22/18 Letter Br.).  The Court thereafter held a further status conference on March 2, 2018 regarding the scope of Defendants' proposed discovery.  Dkt. No. 102 (3/2/18 Court Minutes).  The March 2, 2018 Order followed.

alternatively, that Lynch be compelled to execute the medical releases. Dkt. No. 112. Because Defendants' requests for medical authorization are neither overbroad nor unduly burdensome, and are otherwise consistent with the Court's March 2, 2018 Order Regarding Limited Discovery, the Court OVERRULES Lynch's Objections.

Following the March 2, 2018 status and discovery conference, the Court issued its Order Regarding Limited Discovery, directing in part:

1. Within seven days of the date of this order, Plaintiff shall provide Defendants with a list of any and all medical providers whom she was treated by or consulted with for any and all physical or cognitive issues, conditions, injuries, and ailments from the date Plaintiff initiated this litigation, April 4, 2016; with respect to each listed medical provider, Plaintiff shall identify the issues, conditions, injuries and ailments for which Plaintiff was treated by or consulted with that medical provider and also the time periods during which she was treated by or consulted with the medical provider;

2. Within seven days of receipt of Plaintiffs' list, described in Paragraph 1, Defendants shall provide Plaintiff with releases for her execution authorizing each of those providers: (1) to release Plaintiff's medical records from April 4, 2016 to present directly to Defendants, and (2) to respond to a short questionnaire asking pertinent questions relating to Plaintiff's physical and mental ability to participate in this litigation;

3. Within seven days of receiving the medical releases, Plaintiff shall execute and return the releases to Defendants;

> 4. Defendants shall then provide the executed releases and short questionnaire to Plaintiff's medical providers and request copies of Plaintiff's medical records[.]

3/2/18 Order at 2–3.

Lynch now objects to executing the medical releases provided to her by Defendants because (1) the releases do not also include the short questionnaire to be completed by her medical providers; and because (2) requiring her to release all her medical records from the relevant time period, as ordered by the Court, is overbroad, excessive, and unnecessary. These objections are wholly without merit.

First, as to the latter issue, the Court heard and considered Lynch's arguments at the February 8 and March 2, 2018 hearings, and again in her written submissions. *See* Dkt. Nos. 97 (Pl.'s 2/22/18 Letter Br.) and 110 (3/31/18 Obj.). As the Court previously informed Lynch, her numerous requests for extensions of time each placed her medical condition squarely at issue. Because Lynch made relevant her medical condition, by repeatedly relying upon her cognitive and physical impairments to justify extensions of time, the Court permitted limited discovery into these issues. While Defendants sought discovery of medical information that predated the filing of this action, the Court ordered that discovery for present purposes should be limited to the approximately two years that this action has been pending. In other words, the Court granted in part, and denied in part, Defendants'

discovery request, and determined that the discovery of the medical information described in the 3/2/18 Order is appropriate, relevant, and proportional to the needs of the case. The narrowly tailored discovery ordered by the Court is neither overbroad, unduly burdensome, nor oppressive.

Second, Defendants have complied with the parameters of the Court's Order Regarding Limited Discovery. Defendants were directed to "provide Plaintiff with releases for her execution authorizing each of [her medical] providers: (1) to release Plaintiff's medical records from April 4, 2016 to present directly to Defendants, and (2) to respond to a short questionnaire asking pertinent questions relating to Plaintiff's physical and mental ability to participate in this litigation." 3/2/18 Order at 2–3, ¶ 2. To be clear, the Court's 3/2/18 Order does not require Defendants to provide Lynch with a copy of their questionnaires *prior to her execution of the releases*. Defendants represent that they intend to prepare short questionnaires seeking information regarding Lynch's medical and physical condition, her treatment, and the effect on her physical and cognitive ability to participate in the litigation *after* reviewing the records submitted by her medical providers. Defs.' Response at 5. Defendants represent that this approach, which is not foreclosed by the Court's Order, makes the most sense as it will allow them to tailor their questions, based on the information contained in the corresponding providers'

records.  As a result, Defendants do not currently have any questionnaires to share. Defendants are directed to provide Lynch with copies of the short questionnaires, upon service on the providers.

Based upon the foregoing, the Court OVERRULES Lynch's Objections and DIRECTS her to execute and return to Defendants the medical releases provided to her within seven (7) days of the date of this Order.  The Court CAUTIONS Lynch that if she fails to timely execute and return the medical releases, or otherwise comply with this Order, the Court intends to deny her Motion for Extension (Dkt. No. 90) and proceed to adjudicate forthwith Defendants' pending Motion to Dismiss for Failure to State a Claim (Dkt. No. 76).

IT IS SO ORDERED.

DATED: April 6, 2018 at Honolulu, Hawai‘i.



Derrick K. Watson
United States District Judge

---

*Lynch v. Fed. Nat'l Mortg. Ass'n et al.*; CV 16-00213 DKW-KSC; **ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REQUESTS FOR MEDICAL INFORMATION**